Mr. Dennis J. Alfonso General Counsel Pasco County Clerk of Circuit Court Post Office Box 4 Dade City, Florida 33526
Dear Mr. Alfonso:
On behalf of the Clerk of the Circuit Court for Pasco County, you have asked for my opinion on substantially the following question:
Does the statutory priority assignment provided in section 27.52(1)(d), Florida Statutes, apply when the fee becomes a lien pursuant to sections27.52(1)(d)2. and 938.29, Florida Statutes?
In sum:
Section 27.562, Florida Statutes, requires that all funds collected pursuant to the provisions of section 938.29, Florida Statutes, except theapplication fee imposed for public defender assistance must be remitted to the board of county commissioners of the county in which the judgment was entered. Thus, while other funds collected in this manner are placed in the fine and forfeiture fund of the county to defray the county's expenses in defending criminal prosecutions, the statute recognizes that the application fee imposed by section 27.52, Florida Statutes, is to be segregated and transferred to the Department of Revenue for deposit into the Indigent Criminal Defense Trust Fund.
Section 27.52, Florida Statutes, provides for a determination of indigency for purposes of appointing the public defender or a conflict attorney in criminal proceedings where the accused person requests legal assistance and asserts indigency.[1]
The statute requires that an accused person requesting the appointment of the public defender and asserting indigency must file a financial affidavit with the court and sign the affidavit under oath and under penalty of perjury.[2] An application fee of $40 must also be paid to the clerk, as ordered by the court, at the time the financial affidavit is filed or within 7 days thereafter.[3] If the application fee is not paid within the 7 day period, the fee must be assessed at sentencing or at the final disposition of the case.[4]
Pursuant to section 27.52(1)(d), Florida Statutes:
"If the court finds that the accused person applying for representation appears to be indigent based upon the financial affidavit required under paragraph (f), the court shall appoint the public defender or a conflict attorney to provide representation. If the application fee is not paid prior to the disposition of the case, the clerk shall advise the sentencing judge of this fact and the court shall: 1. Assess the application fee as part of the sentence or as a condition of probation; or 2. Assess the application fee pursuant to s. 938.29. . . . Notwithstanding any provision of law or local order to the contrary, the clerk of the court shall assign the first $40 of any court assessed fees or costs that are paid by an indigent defendant as payment to the Indigent Criminal Defense Trust Fund as payment for the application fee. . . ."
Application fees are transferred monthly by the clerk of court to the Department of Revenue for deposit into the Indigent Criminal Defense Trust Fund.[5] These funds supplement the general revenue funds appropriated by the Legislature to the public defenders around the state. The clerk of court is authorized to retain 2 percent of the application fees collected on a monthly basis for administrative costs.
Your question involves the assessment of the application fee pursuant to section 938.29, Florida Statutes, and, when the application fee has been reduced to a lien pursuant to that statute and is then collected, whether the first $40 collected when the lien is foreclosed must be transferred to the Indigent Criminal Defense Trust Fund.
Section 938.29, Florida Statutes, authorizes the imposition of a lien for payment of attorney's fees or costs for representation by the public defender's office. The statute, which until 1997 was section 27.56, Florida Statutes,[6] provides that:
"After assessment of the application fee under s. 27.52(1)(c) and attorney's fees and costs, the court shall order the defendant to pay the attorney's fees and costs in full or in installments, at the time or times specified. The court may order payment of the assessed application fee and attorney's fees and costs as a condition of probation, of suspension of sentence, or of withholding the imposition of sentence. All fees and costs may be assessed under one judgment."[7]
Thus, the court is required in its order to make provision for payment of attorney's fees and costs, as well as the method for repayment whether in full or otherwise. The court may impose payment as a condition for disposition, that is, as a condition of probation or withholding sentencing.
With regard to creation and enforcement of the lien for legal assistance, section 938.29(2)(a), Florida Statutes, states that when payment of the application fee and attorney's fees and costs has been ordered by a court, a lien is created "in the name of the county in which such assistance was rendered[.]" The lien is enforceable upon all the real and personal property of any person who has received assistance from the public defender or a special assistant public defender or from a conflict attorney.[8] A lien created under section 938.29 constitutes a claim against the recipient of legal assistance (the defendant), or his or her parents or estate in an amount to be determined by the court in which such assistance was rendered.[9]
The statute provides that "[s]uch judgments shall be enforced on behalf of the county by the board of county commissioners of the county in which assistance was rendered."[10] Further, the board of county commissioners of the county in which the defendant was tried or received the public defender's services is the entity authorized to "enforce, satisfy, compromise, settle, subordinate, release, or otherwise dispose of any debt or lien imposed under this section."[11] The board of county commissioners of the county claiming the lien is also authorized to contract with a collection agency for the collection of debts or liens imposed under section 938.29, Florida Statutes.[12]
Section 27.562, Florida Statutes, provides for the disposition of funds collected pursuant to section 938.29, Florida Statutes:
"All funds collected pursuant to s. 938.29, except the application feeimposed under s. 27.52, shall be remitted to the board of county commissioners of the county in which the judgment was entered. Such funds shall be placed in the fine and forfeiture fund of that county to be used to defray the expenses incurred by the county in defense of criminal prosecutions. All judgments entered pursuant to this part shall be in the name of the county in which the judgment was rendered." (e.s.)
The language containing the exception for the application fee imposed under section 27.52, Florida Statutes, was added by the Legislature in 1997.[13]
As mentioned above, these statutes were all originally contained in Chapter 27, Florida Statutes, and created a framework that authorized determinations of indigency and applications for representation by the public defender,[14] created the Indigent Criminal Defense Trust Fund administered by the Justice Administrative Commission,[15] authorized a lien for payment of public defender legal assistance,[16] and controls the disposition of those funds collected through foreclosure on the lien.[17] While section 938.29, Florida Statutes, was renumbered and moved to Chapter 938 from Chapter 27, the scheme itself remains in place to ensure that application fees for public defender representation are segregated and transferred to the Department of Revenue for deposit to the Indigent Criminal Defense Trust Fund, as provided in section27.52(1)(e), Florida Statutes.
Thus, it is my opinion that the statutory priority assignment provided in section 27.52(1)(d), Fla. Stat., does apply when the fee becomes a lien pursuant to sections 27.52(1)(d)2. and 938.29, Florida Statutes, by operation of section 27.562, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 27.52(1)(a), Fla. Stat.
[2] Section 27.52(1)(b), Fla. Stat. And see, s. 27.52(1)(f) and (h), Fla. Stat., which sets forth the information which must be included and sworn to in the affidavit.
[3] Section 27.52(1)(c), Fla. Stat.
[4] Id.
[5] Section 27.52(1)(e), Fla. Stat. And see, s. 27.525, Fla. Stat., which created the Indigent Criminal Defense Trust Fund.
[6] See, s. 22, Ch. 97-271, Laws Of Florida.
[7] Section 938.29(1)(c), Fla. Stat.
[8] Section 938.29(2)(a)1., Fla. Stat.
[9] Id.
[10] Section 938.29(2)(b), Fla. Stat.
[11] Section 938.29(3), Fla. Stat.
[12] Section 938.29(4), Fla. Stat.
[13] See, s. 8, Ch. 97-107, Laws of Florida.
[14] Section 27.52, Fla. Stat.
[15] Section 27.525, Fla. Stat.
[16] Section 938.29, Fla. Stat., originally s. 27.56, Fla. Stat. (1975).
[17] Section 27.562, Fla. Stat.